FILED

MAY 15 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| ROGER HOHN, f/d/b/a/ Sioux Falls Advanced Physical Therapy, | * * * | CIV. 05-4164 |
| Plaintiff, | * * |  |
| -vs- | * * | ORDER |
| STEPHEN SPURGEON, | * * |  |
| Defendant. | * * |  |

*******************************************************************

Pending are defendant's motion for summary judgment (Doc. 21), plaintiff's motion to extend the briefing date (Doc. 26), and plaintiff's motion to amend the complaint (Doc. 32). Defendant contends he cannot be held liable to Hohn for tortious interference with Wellmark's contract with Hohn because Spurgeon is Wellmark's employee acting within the scope of his employment duties. Hohn contends that discovery will not be concluded until July 28, 2006, under the Scheduling Order, that pertinent depositions have yet to be conducted, and that Rule 56(f) permits additional discovery before the summary judgment motion is decided.

Nordling, a Minnesota case correctly relied upon both by the defendant and by the South Dakota Supreme Court[1] for the general rule that corporate employees are not liable for tortious interference with their employer's corporate contract, decided it was error to enter summary judgment when there could be a fact question about the defendant's acts having occurred within the scope of the duties of employment. Nordling v. Northern States Power Co., 478 N.W.2d 498, 504-507 (M.N. 1991).

---

[1] Nelson v. Web Water Dev. Ass'n Inc., 507 N.W.2d 691, 700 (S.D. 1993).

> .... a company officer, agent or employee is privileged to interfere with or cause a breach of another employee's employment contract with the company, if that person acts in good faith, whether competently or not, believing that his actions are in furtherance of the company's business. This privilege may be lost, however, if the defendant's actions are predominantly motivated by malice and bad faith, that is by personal ill-will, spite, hostility, or a deliberate intent to harm the plaintiff employee.

Nordling[2] at 507.

The fact question was whether the supervisor had terminated Nordling for personal motives outside the scope of his company duties. Id. at 505. Since both the defendant and the South Dakota Supreme Court cited Nordling, the Nordling "fact question" principle about acting within the scope of employment duties is applicable here, although consideration of the obvious supervisor/employee distinction is left for another day.

Accordingly, based on the above, it is hereby

ORDERED that:

1. Plaintiff's Motion (Doc. 26) to complete discovery before the summary judgment motion is decided is GRANTED.

2. The decision on Defendant's Motion for Summary Judgment (Doc. 21) is postponed until after discovery has closed under the Scheduling Order or its amendment(s), at which time the parties may submit additional briefs and affidavits if desired. The additional submissions shall be made at the time designated in the Scheduling Order or its amendment(s).

---

[2] Defendant cited Nordling from the Minnesota Court of Appeals. Nordling v. Northern States Power Co., 465 N.W.2d 81 (Minn. App. 1991) (Doc. 25, p. 3). The appeals court decision was reversed by the Minnesota Supreme Court. The appeals court stated the general rule, adhered to by the supreme court, that a party cannot interfere with its own contract.

2

3. The decision on Plaintiff's Motion to Amend Complaint (Doc. 32) is likewise postponed.

Dated this 15th day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _Sharon Louro_, Deputy

3