UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 18 2009

| | | |
|---|---|---|
| ROGER HOHN, f/d/b/a/ Sioux Falls Advanced Physical Therapy, | | CIV. 05-4164 |
| Plaintiff, | | MEMORANDUM OPINION AND ORDER AND SCHEDULING ORDER |
| -vs- | | |
| STEPHEN SPURGEON, | | |
| Defendant. | | |

Pending is defendant Stephen Spurgeon's Motion For Summary Judgment On Remand (Doc 72). Spurgeon has also filed a Motion to Strike (Doc. 86). The target of the motion to strike was appellate briefing in a case which was pending before the South Dakota Supreme Court, but not yet decided at that time the motion was filed. After the motion to strike was filed the South Dakota Supreme Court decided the case, which is mentioned later in this opinion. Spurgeon himself has now filed the decision which is the target of his Motion to Strike (Doc. 88). The Motion to Strike (Doc. 86) is DENIED AS MOOT.

## BACKGROUND

Plaintiff sued Dr. Spurgeon for interfering with Hohn's contract with Wellmark, Inc., Spurgeon's employer (Doc. 1.) Dr. Spurgeon moved for summary judgment asserting that he could not be personally liable (Doc. 21). Dr. Spurgeon's motion for summary judgment was granted (Doc. 55.) The Eighth Circuit Court of Appeals reversed the ruling and remanded the case. The Eighth Circuit Court of Appeals also indicated that plaintiff's motion to amend (Doc. 32) his complaint should be reconsidered.

## JURISDICTION

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. The parties consented to have the case handled by the magistrate judge pursuant to 28 U.S.C. § 636(c).

## CLAIMS OF THE PARTIES

### 1. Claims of Plaintiff Roger Hohn (Doc. 76).

On appeal, the Eighth Circuit Court of Appeals said there exists a genuine issue of fact whether Spurgeon was acting within the scope of his employment. *Hohn v. Spurgeon*, 513 F.3d 827, 831 (8th Cir. 2008). The Eighth Circuit Court of Appeals also reversed the denial of Hohn's motion to amend his complaint. The matter was remanded for reconsideration of Hohn's claim that Spurgeon had interfered with Hohn's business relationship with his Wellmark insured patients. *Id.*

Hohn observes that Spurgeon's employment was described in his court documents as "providing administrative services" to Wellmark of *South Dakota*. Hohn argues Spurgeon is not an employee of Wellmark of *South Dakota*, but rather is an employee of Wellmark, Inc. He argues there are two different corporations and that it is Wellmark of *South Dakota* that contracted with Hohn, not Spurgeon's employer Wellmark, Inc. Hohn asserts there has been no claim by Spurgeon that he is an officer of Wellmark of *South Dakota*. Wellmark of South Dakota, Inc. has its own bylaws. Wellmark, Inc. and Wellmark of South Dakota, Inc. each file separate Annual Statements. They have separate administrative offices. They share some but not all of the same corporate officers, vice presidents and directors or trustees. Notably Spurgeon is not identified as an officer, vice president, director or trustee for either corporate entity in either company's Annual Reports for 2002 or 2003. In its contract with Hohn, Wellmark of South Dakota, Inc. distinguishes itself from Wellmark, Inc. as follows:

2

a South Dakota insurance company authorized by the South Dakota Division of Insurance to transact the business life and health insurance in South Dakota and doing business as Wellmark Blue Cross and Blue Shield of South Dakota (Wellmark). Wellmark of South Dakota, Inc. is a subsidiary of Wellmark, Inc.

Hohn supplies several examples to show that Wellmark, Inc., Spurgeon's employer, distinguishes itself as a corporation separate from Wellmark of *South Dakota*. (1) The distinction appears in Hohn's contract with Wellmark of *South Dakota*. (2) Wellmark of *South Dakota* is the company with which Hohn had to apply for credentialing, (3) Wellmark of *South Dakota* is the company to which he sent claims. (4) Wellmark of *South Dakota* is the company which denied Hohn's claims. (5) Wellmark of *South Dakota* is the corporation which responded to his complaint with the South Dakota Division of Insurance. (6) Wellmark of *South Dakota* is the company which gave Hohn his termination notice. (7) Wellmark of *South Dakota* is the company with which he exchanged e-mails.

Hohn also quotes from the decision of the Eighth Circuit Court of Appeals and argues:

> What the South Dakota Supreme Court did not say in *Mueller* is that employees who are *not* officers of the company are similarly excluded from liability for tortious interference when acting in bad faith or outside the scope of employment and no other South Dakota case so holds. Hohn, 513 F.3d at 831(emphasis in original).

> In light of this testimony (sic), Hohn's contract with Wellmark of South Dakota, Inc., the documentation demonstrating that Hohn was dealing exclusively with Wellmark of South Dakota, Inc. and Spurgeon's own testimony that he was an "employee" of Wellmark, there is a genuine material issue of fact about whether Spurgeon's was acting outside the scope of the "administrative services" he was performing for Wellmark of South Dakota, Inc. when he directed the denial of claims from Hohn's SFAPT clinic.

### 2. Claims of Defendant Stephen Spurgeon (Doc. 74)

Spurgeon asserts the issue on remand is whether Dr. Spurgeon was a corporate officer or director for Wellmark at the time he interacted with Hohn. Spurgeon argues the Eighth Circuit Court

of Appeals acknowledged that South Dakota law precludes a corporate officer or director from being personally liable for tortious interference with contracts even where the officer or director acted in bad faith or acted outside the scope of employment. *Hohn v. Spurgeon*, No. 07-1087, pgs. 5-6 (citing *Mueller v. Cedar Shore Resort, Inc.*, 643 N.W.2d 56 (S.D. 2002)). Therefore, the issue in this case is simply whether Dr. Spurgeon was a corporate officer or director for Wellmark at the time he interacted with Plaintiff, according to Spurgeon. Dr. Spurgeon, as Vice President, Medical Director Resource Management of Wellmark, Inc., was a corporate officer of Wellmark throughout his employment, including the times that he interacted with Plaintiff during 2003. (Dr. Spurgeon's Statement of Undisputed Facts on Remand ¶¶ 4-5.) He was listed on Wellmark's website as a "Wellmark Officer" where his picture and officer biography appeared. (*Id.* at ¶ 6 and Exhibit B.) Dr. Spurgeon's annual performance reviews were also captioned "Officer Performance Profile," which listed the "officer name" and evaluated, among other things, the "major accomplishments the officer achieved." (*Id.* at ¶ 7 and Exhibit C.) Furthermore, the organizational charts for Wellmark, Inc. from January 2003, February 2004, and March 2005, list Dr. Dr. Spurgeon as an "officer." (*Id.* at ¶ 8 and Exhibit D.)

In reply to Hohn's arguments (Doc. 85) Spurgeon argues that the Eighth Circuit Court of Appeals identified the only relevant question on remand to be whether Dr. Spurgeon was a corporate officer, as defined by South Dakota courts, or solely an employee of Wellmark. "If he was a corporate officer, the South Dakota cases would preclude this action." Spurgeon asserts that plaintiff's is attempting to raise a different issue, i.e. that Spurgeon is not an officer of Wellmark of *South Dakota*. Spurgeon asserts the Eighth Circuit Court of Appeals has already decided that issue because it held "that if Dr. Spurgeon was a corporate officer as that term is defined under South

Dakota law, Hohn's action against him is precluded as a matter of South Dakota law." Spurgeon argues that Hohn has produced no evidence that Spurgeon is anything other than a corporate officer.

## DISCUSSION

The Eighth Circuit Court of Appeals drew three conclusions:

(1) that a question of fact exists about Spurgeon's status as a corporate officer or as an employee;

(2) that a question of fact exists about Spurgeon's conduct as being within the scope of his employment; and

(3) that Hohn's motion to amend his complaint to assert that Spurgeon interfered with Hohn's contract with his patients, Wellmark's insureds, should be reconsidered.

**(1)  Corporate Officer vs. Employee.**

Whether Spurgeon was a corporate officer or was an employee has been rendered moot by a decision which was made by the South Dakota Supreme Court after the Eighth Circuit Court of Appeals made its decision. *Becky Gruhlke v. Sioux Empire Federal Credit Union, Inc.*, 756 N.W.2d 399 (S.D. 2008). Under *Gruhlke* either a corporate officer or an employee can be liable for tortious interference with their employer's contract with a third person if the corporate officer or employee acted outside the scope of one's employment to advance one's own personal interest with no benefit to the corporate employer. On the other hand, under *Gruhlke* neither a corporate officer nor an employee can be liable to the third party for interfering with their corporate employer's contract with a third person if the corporate officer or employee was acting within the scope of employment and the corporate employer received some benefit from the conduct. Even if the corporate officer or employee was motivated by ill will, there is no liability if there was some benefit to the corporate

employer. In short, under *Gruhlke* the same rule applies to both corporate officers and employees.[1]

While there is not a fact issue about Spurgeon's status as either a corporate officer or an employee, there is a fact issue about his conduct as being within or outside the scope of his employment and whether Wellmark received some or no benefit from his conduct.

(2)     **Scope of Employment.**

The Eighth Circuit Court of Appeals noted that Spurgeon was not authorized within the scope of his employment to make a unilateral decision that claims from Sioux Falls Advanced Physical Therapy should not be paid. There is a Duffy e-mail demonstrating that Spurgeon had unilaterally directed that claims from Sioux Falls Advanced Physical Therapy not coded as manual traction from Sioux Falls Advanced Physical Therapy should be denied "up front" for lack of clinical documentation. This is a genuine issue of fact concerning whether Spurgeon was acting within the scope of his employment. This is a question of fact which the Eighth Circuit Court of Appeals said was sufficient to deny summary judgment. The same fact issue still exists.

(3)     **Hohn's Motion to Amend.**

The Eighth Circuit Court of Appeals noted that in connection with the denial of Hohn's motion to amend his complaint reference was made to the nonexistence of facts to show that Spurgeon was acting outside the scope of his employment. "In light of our holding we reverse the district court's denial of Hohn's motion to amend his complaint and remand for the district court to reconsider." The Eighth Circuit Court of Appeals cited *Hayes v. N. Hills Gen. Hosp.*, 590 N.W.2d 243, 249-151 (S.D. 1999).

---

[1] "In the employment context, we think a claim of tortious interference with contractual relations may be made against a corporate officer, director, supervisor, or *co-worker*, who acts . . . ." *Gruhlke* at 405 (italics added for emphasis). The South Dakota rule, therefore, applies alike to both corporate officers and employees.

6

There is one additional issue. *Gruhlke* established a hurdle for pleading which is fatal if not overcome. Neither Hohn's complaint (Doc. 1) nor Hohn's proposed amended complaint (Doc. 32) overcome that hurdle. *Gruhlke* was decided after both the complaint and proposed amended complaint were filed. Since the Eighth Circuit Court of Appeals directed that Hohn's motion to amend should be reconsidered, it is appropriate for Hohn to include *Gruhlke* allegations in an amended complaint if the same can be appropriately made.

In light of the Eighth Circuit Court of Appeals decision and rationale it is

ORDERED:

1. That defendant's Motion for Summary Judgment on Remand is DENIED (Doc. 72).

2. That defendant's Motion to Strike is DENIED AS MOOT (Doc. 86).

3. That plaintiff's Motion to Amend his Complaint is GRANTED (Doc. 32). Plaintiff shall file an amended complaint on or before April 10, 2009.

4. The following scheduling order applies:

    a. All discovery will be completed by June 10, 2009.

    b. All motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before July 10, 2009; opposing parties shall file and serve answering materials and briefs on or before July 30, 2009; and reply briefs shall be filed and served on or before August 10, 2009.

    c. Final witness and exhibit lists under Rule 26(a)(3) shall be filed and served by Plaintiff and by Defendant ten (10) working days before trial, and the parties shall have five (5) days after service of such lists to file and serve objections thereto under Rule 26(a)(3).

    d. All motions in limine, with supporting authority, shall be in writing and filed, together with proposed instructions, with supporting authority, with the court ten (10) working days before trial.

e. A jury trial will commence in Sioux Falls, South Dakota, on Tuesday, September 29, 2009, with counsel to be present for motions in limine at 9:00 a.m. and with the jury to report at 9:30 a.m.

Dated this 18 day of March, 2009.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge